UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAYTON VALLEY INVESTORS, LLC, d/b/a/ LAKEMONT HOMES,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | 2:08-cv-00127-ECR-RJJ<br><br>**O R D E R** |

This matter is before the court on Plaintiff Dayton Valley Investors Countermotion for Rule 11 Sanctions (#76) and Union Pacific Railroad Company's Opposition (#81).

Federal Rule of Civil Procedure 11 provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is corrected within 21 days after service or within another time the court sets.

FED. R. CIV. P. 11(c)(2).  A Rule 11 motion for sanctions must be served on opposing counsel twenty-one (21) days before filing a motion with the court, providing the opposing counsel a "safe harbor ... to give the offending party the opportunity ... to withdraw the offending pleading *and thereby escape sanctions.*" *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998); *see also* Fed.R.Civ.P. 11(c)(2).   Failure to provide the required notice precludes an award under Rule 11. *Barber,* 146 F.3d at 710 (holding that "[a]n award of [Rule 11] sanctions cannot be upheld" where party seeking sanctions did not provide twenty-one day notice period).  Here, the motion did not comply with Rule 11's 21-day safe harbor period.

Based on the foregoing, and good cause appearing therefore,

1  IT IS HEREBY ORDERED that Plaintiff Dayton Valley Investors Counter Motion for Rule 11 Sanctions (#76) is **DENIED**.

DATED this  2d   day of September, 2010.

```
                              _____
                              ROBERT J. JOHNSTON
                              United States Magistrate Judge
```