UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAYTON VALLEY INVESTORS, LLC, d/b/a/ LAKEMONT HOMES,<br><br>                 Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>                 Defendant. | 2:08-cv-00127-ECR-RJJ<br><br>**O R D E R** |

This matter is before the Court on Plaintiff Dayton Valley Investors Motion to Exclude Evidence of Damages, To Strike Untimely Disclosures of Documents and Witnesses, and For Sanctions (#63). The Court has considered Plaintiff's Motion (#63); Defendant's Response (#67); and Plaintiff's Reply (#70).

**BACKGROUND**

This case involves a dispute over a strip of land located in Lyon County, Nevada. Each party sought declaratory judgment quieting title to the disputed property.  Union Pacific also seeks damages for trespass.

On May 15, 2008, the parties submitted a proposed discovery plan wherein the parties agreed to conduct discovery on "all issues raised by the pleadings." The proposal included the exchange of Rule 26(a) information by May 15, 2008, and to a discovery cutoff date of October 6, 2008. (#17). The stipulated was approved and adopted by the Court. (#18). The parties did not seek any

1   extensions of the agreed upon deadlines.[1]

2   After discovery closed, the parties filed cross-motions for summary judgment. The Court
3   undertook a thorough analysis of the parties claimed interests and granted summary judgment in
4   favor of Union Pacific. (#51). The Court rejected Dayton Valley's claim that it owned the disputed
5   land through adverse possession, finding that it had not met the factors set forth in NRS 40.100. The
6   Court also granted summary judgment on Union Pacific's claim of trespass, but reserved the issue
7   of damages for trial.

8   Subsequently, the parties engaged in settlement discussions.[2] On October 15, 2009,
9   approximately one week after the Court's summary judgment ruling and over a year after the close
10  of discovery, Union Pacific sent a demand letter claiming trespass damages of $244,828.00. *See*
11  Exhibit 1 attached to Defendant's Response (#67).  The damages amount was determined by
12  calculating the rental value for the duration of the trespass.  Ex. 1. The letter did not include any
13  supporting documents or materials. This was the first time that Union Pacific provided a
14  computation of its alleged damages. The parties were unable to reach settlement and, on February
15  1 and February 4, 2010, Union Pacific served its sixth and seventh supplemental disclosures on
16  Dayton Valley. The supplemental disclosures included the computation of trespass damages,
17  supporting documents, and the identity of the witness Union Pacific intends to call at trial to testify
18  regarding damages. *See* Exhibit 2 attached to Defendant's Response (#67). The supplements were
19  served approximately twenty-one (21) months after the initial disclosures were due, and
20  approximately eighteen (18) months after discovery closed.

21  Pursuant to Federal Rule of Civil Procedure 37(c), Dayton Valley requests an order
22  precluding Union Pacific from using the information and the witness disclosed in its sixth and
23  seventh supplement at trial because the disclosures were untimely under Rule 26(a) or (e). Dayton
24  Valley also seeks the costs and fees it incurred by virtue of this motion. Union Pacific contends that

---

[1] The Court did approve the parties' stipulation to modify the existing discovery plan in order to correct a ministerial error. (#20).

[2] The deadline for filing the joint pretrial order has been extended twice. *See,* Orders (#54) and (#62).

- 2 -

1  it should not be precluded from presenting the evidence identified in its supplemental disclosures
2  because Dayton Valley has been aware of the requested damages since the beginning of settlement
3  discussions and did not pursue discovery on the issue of damages during the discovery period.
4  Further, Union Pacific contends that any failure to disclose information under Rule 26(a) or (e) was
5  harmless.

**DISCUSSION**

**1.  Personal Consultation**

As an initial matter, each party refers to the personal consultation requirement of Local Rule 26-7(b).  Union Pacific characterizes as a "blatant misrepresentation" Dayton Valley's claim that it made a sincere effort at personal consultation. Ultimately, this is a non-issue as personal consultation is not required prior to a motion for sanctions pursuant to Rule 37(c). *See Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable.").

**2.  Rule 26(a)**

Unless otherwise exempted, "a party must, without awaiting a discovery request" provide the opposing party with initial disclosures pursuant to Rule 26(a).  Fed. R. Civ. P. 26(a)(1)(A).  As part of its initial disclosures, a party must provide:

> a computation of each category of damages claimed by the disclosing party--
> who must also make available for inspection and copying as under Rule 34
> the documents or other evidentiary material, unless privileged or protected
> from disclosure, on which each computation is based, including materials
> bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1)(A)(iii).  Unless a different time is set by stipulation or court order, initial disclosures must be made within 14 days of the parties Rule 26(f) conference.  FED. R. CIV. P. 26(a)(1)(C).  A party is not excused from making its initial disclosures because it has not fully investigated the case.  FED. R. CIV. P. 26(a)(1)(E).

Rule 26(a)(1)(A)(iii) requires a disclosing party to provide "a computation of each category of damages."  Although the meaning of "category of damages" is not clear, it requires more than merely broad types of damages.  *See* Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC.

GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2010) 11:281 (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2nd Cir. 2006) (failure to include lost profits in list of claimed damages resulted in exclusion sanction)). This requirement is "the functional equivalent of a standing Request for Production under Rule 34." *See* Advisory Committee Notes to 1993 Amendments ("A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34 .... [t]his obligation applies only with respect to documents then reasonably available to [the disclosing party] and not privileged or protected as work product.").

Here, Union Pacific did not provide its "category" or "computation" of damages until its sixth and seventh supplemental disclosures. The supplemental disclosures were served approximately twenty-one (21) months after the initial disclosure deadline and eighteen (18) months after discovery closed. *See* Exhibit 2 attached to Defendant's Response (#67); *compare to* Exhibit 1 attached to Plaintiff's Motion (#63) (Union Pacific's initial Rule 26(a) disclosures). The supplemental disclosures also included the name of the witness Union Pacific intends to call at trial to testify regarding damages, Robert Gloodt. The operative scheduling order made these disclosures due on or before May 15, 2008, and there is no indication that the information was not reasonably available to Union Pacific at that time. Consequently, the Court finds that Union Pacific did not comply with its obligations under Rule 26(a)(1)(A)(iii).

**3. Rule 26(e)**

Pursuant to Federal Rule of Civil Procedure 26(e)(1)(A):

> A party who has <u>made a disclosure under Rule 26(a)</u>--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
> (A) in a <u>timely manner</u> if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

(Emphasis added). Rule 26(e) creates a duty to supplement, not a right. *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 2009 WL 886350 (9th Cir.). Rule 26(e) does not "create a loophole through which a party ... who wishes to revise [its] initial disclosures ... can add

- 4 -

to them to [its] advantage after the court's deadline for doing so has passed." *Id*. "Rather, '[s]upplementation under the Rules means correcting inaccuracies ... based on information that was not available at the time of the initial disclosure." *Id*. (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998).

Dayton Valley argues that the sixth and seventh supplemental disclosures should be rejected because they were made after the discovery deadline and are, therefore, untimely. The rule does not limit the time for supplementation of prior disclosures to the discovery period. *See EEOC v. Bill Heard Chevrolet Corp.*, 2009 WL 2489282 (D. Nev.) (finding that a motion to compel supplemental responses filed after the discovery cutoff date was not untimely because parties remain under a continuing duty to supplement prior discovery responses pursuant to Rule 26(e); *see also* Advisory Committee Notes to 1993 Amendments ("Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches.")). Thus, although timing is certainly a factor, the mere fact that supplemental information is provided or requested after the discovery cutoff date is not dispositive.

Timing is better gauged in relation to the availability of the supplemental information. *See Luke*, 2009 WL 886350. Consequently, the issues under Rule 26(e) are better framed as (1) whether Union Pacific's sixth and seventh supplements correspond to a prior Rule 26(a) disclosure and, if so, (2) whether the information produced was available at the time set for initial disclosures. The answer to the first inquiry is clearly no. The sixth and seventh supplements provide new information that was not disclosed in prior Rule 26(a) disclosures or discovery responses. This appears to be nothing more than an attempt by Union Pacific to use Rule 26(e) to circumvent its failure to disclose the "category" and "computation" of damages in its initial Rule 26(a) disclosures. *See Luke*, 2009 WL 886350 ("Rule 26(e) does not create a loophole through which a party ... who wishes to revise [its] initial disclosures ... can add to them to [its] advantage after the court's deadline for doing so has passed.").

Even assuming the sixth and seventh supplements correspond to prior Rule 26(a) disclosures, the next question is whether the new information was available at the time the initial disclosures

were due. *Luke*, 2009 WL 886350 (Supplementation under the Rules means correcting inaccuracies ... based on information that was not available at the time of the initial disclosure (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). The information disclosed and documents produced through the sixth and seventh supplements is not information that was newly discovered or that could not have been disclosed within the time frame set by the scheduling order for Rule 26(a) disclosures. Consequently, the Court finds the supplemental disclosures untimely under Rule 26(e).

**4. Rule 37(c) Sanctions**

Pursuant to Federal Rule of Civil Procedure 37:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37(c) "gives teeth" to the requirements of Rule 26(a) and Rule 26(e). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Courts are given particularly wide latitude to issue sanctions under Rule 37(c)(1). *Yeti*, 259 F.3d at 1106 (citation omitted). Generally, an exclusion sanction is considered "self-executing" and "automatic." *Yeti*, 259 F.3d at 1106 (citing Advisory Committee Notes to 1993 Amendments ("[t]he revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a) .... [t]his automatic sanction provides a strong inducement for disclosure of material that the disclosing party, whether at a trial, at a hearing, or on a motion"). The harshness of exclusion is ameliorated by two express exceptions: The information may be used if the failure to disclose is <u>substantially justified</u> or <u>harmless</u>. *Yeti*, 259 F.3d at 1106. The party facing sanctions under Rule 37(c)(1) has the burden of showing that any failure is substantially justified or harmless. *See e.g., Yeti*, 259 F.3d at 1107. Exclusion has been upheld even when a litigant's entire cause of action or defense is precluded. *Veritas Operating Corp. V. Microsoft Corp.*, 2008 WL 657936 (W.D. Wash.) (citations omitted).

Here, Union Pacific produced its sixth and seventh supplements in violation of Rule 26(a) and (e) triggering sanctions under Rule 37(c). Now, Union Pacific must show that its failure was substantially justified or harmless.

- 6 -

**a. Harmless**

Union Pacific argues that any failure was harmless because: (1) Dayton Valley never conducted discovery on the damages issue; (2) the damages calculation is simple; (3) Dayton Valley had the information necessary to perform the calculations itself; (4) Union Pacific provided its basis for damages in its settlement demand letter; and (5) Union Pacific is not seeking additional discovery. The Court does not find any of Union Pacific's proffered reasons for its discovery shortcomings compelling.

The Court rejects Union Pacific's argument that it should be permitted to present the information and the witness identified in its untimely disclosures because Dayton Valley never conducted discovery on the issue of damages. Merely raising the issue in its pleading does not absolve Union Pacific from complying with its discovery obligations. The Court will not shift Union Pacific's mandatory Rule 26(a) disclosure requirements onto Dayton Valley. Rule 26(a) serves as a "functional equivalent of standing Request for Production under Rule 34." It requires the party claiming damages or other monetary relief to disclose the calculation of such damages and make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34. Rule 26(a) also requires a party to identify the witnesses it intends to offer in support of its claims or defenses. Union Pacific has done neither, and there is no indication the information was unavailable – it simply was not disclosed.

The Court rejects Union Pacific's argument that because the damage calculation is simple its failure to provide the Rule 26(a) computation is harmless. The simplicity of the calculation simply underscores the gravity of the failure. Union Pacific seeks damage in the form of reasonable rental rates from 1999-2010–the figures used in the calculation were known long before the initial Rule 26(a) disclosure date.

The Court rejects Union Pacific's argument that Dayton Valley should have performed the damages calculation itself because it knew the taxable value of the disputed property. This is just another attempt by Union Pacific to shift its Rule 26(a) and (e) obligations onto Dayton Valley. Moreover, the alleged basis of Dayton Valley's knowledge is a 1998 declaration of value. *See* Exhibit 5 attached to Defendant's Response (#67). The damages calculation in the sixth and seventh

1  supplements is based on the consumer price index, not the property's taxable value in 1998. This is
2  precisely the reason why Rule 26(a) requires a party to provide a category and computation of
3  damages in an initial disclosure–so that the opposing party can use that information to inform
4  discovery and/or settlement. *See Thomas v. AmeriCredit Financial Corp.*, 2008 WL 162528 (N. D.
5  Cal.) ("[T]he purpose of Rule 26(a) is to accelerate the exchange of basic information that is needed
6  in most cases to prepare trial or make an informed decision about settlement." (citing *City and
7  County of San Francisco v. Tutor-Saliba Corp.*, 212 F.R.D. 219, 221 (N. D. Cal 2003)).

8        The Court rejects Union Pacific's argument that the inclusion of its calculation in its
9  settlement demand rendered its failure to comply with Rule 26(a) harmless. Union Pacific's demand
10 letter was not sent until October 15, 2009. *See* Exhibit 1 attached to Defendant's Response (#67).
11 It was sent after summary judgment was granted and approximately a year after the discovery cutoff
12 date.  Union Pacific concedes that the letter represents the first time it presented a computation of
13 trespass damages to Dayton Valley.  By entering into settlement negotiations, Dayton Valley did not
14 waive its right to bring a Rule 37(c) motion for sanctions.

15       Finally, the Court rejects Union Pacific's argument that the late disclosures are harmless
16 because it is not seeking additional discovery. Multiple courts within the Ninth Circuit have found
17 that the failure to provide a computation of damages or identify the witness who will testify
18 regarding damages within the discovery period is not harmless for purposes of Rule 37(c) precisely
19 because it results in the need to reopen discovery. *See e.g.*, *Veritas Operating Corp. v. Microsoft
20 Corp.*, 2008 WL 657936 (W.D. Wash.) (holding that the failure to provide a computation of damages
21 or identify a damages witness prior to the close of discovery was not harmless because the opposing
22 could not go back and question the witness about his proposed testimony without re-opening
23 discovery); *R & R Sails, Inc. v. Insurance Co. of the State of Pennsylvania*, 2009 WL 5216928
24 (holding that providing Rule 26(a) information after the close of discovery is not harmless because
25 it would require the court to reopen discovery, allow opposing party to analyze it, depose the witness,
26 identify rebuttal witnesses, and potentially engage an expert); *Wong v. Regents of University of
27 California*, 379 F.3d 1097, 1103-05 (9th Cir. 2004) *amended by* 410 F.3d 1052 (2005) (the mere
28 failure to identify a witness or provide information within the time frame set by the scheduling order,

1 standing alone, is not harmless for purposes of Rule 37(c)). If the Court were to permit the untimely
2 Rule 26(a) disclosures the need to reopen discovery would be a virtual certainty. Dayton Valley
3 would need to analyze the information, depose the proposed witness, identify a rebuttal witness, and
4 potentially engage an expert. Union Pacific's failure is not harmless.

### b. Prejudice

Citing *IGT v. Alliance Gaming Corp.*, 2008 WL 7071468 (D. Nev.), Union Pacific argues that Dayton Valley will not be prejudiced if it is permitted to present its damages evidence and witness. In *IGT* the court permitted <u>both parties</u> to submit supplemental expert opinions that revised their previously disclosed damages calculations. The court determined that neither party would be prejudiced by admission of the supplemental reports because they were based on previously disclosed information. As a practical matter, the Court notes that prejudice is not normally a factor for consideration when addressing an exclusion sanction under Rule 37(c).[3] Moreover, contrary to *IGT*, this is not a case where both sides are seeking to supplement previously disclosed reports. If it were, the Court would consider the supplemental disclosures timely under Rule 26(e). Here, there is no existing damages testimony; the documents produced have not been produced previously; and the proposed damages witness has never been identified or deposed. All of this information was known at the time Rule 26(a) disclosures were due. All of this information was known prior to the close of discovery. This is not a case of supplementing prior information. It is a brazen attempt by Union Pacific to bypass its discovery obligations under Rule 26(a) and (e).[4]

**5. Attorney Fees**

---

[3] The prejudice analysis stems from terminating sanctions made pursuant to Rule 37(b)(2) (failure to obey a discovery order). *See Wendt v. Host Int'l,* Inc., 125 F.3d 806, 814 (9th Cir. 1997) (identifying the five-factor test typically used to guide a court's discretion to enter sanctions as (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition on the merits, and (5) the availability of less drastic sanctions.) Even if it precludes a party's entire claim or defense, an exclusion under Rule 37(c) is not a terminating sanction. *See Veritas Operating Corp. V. Microsoft Corp.*, 2008 WL 657936 (W.D. Wash.) (exclusion upheld even when the result is an entire cause of action or defense is precluded (citations omitted)).

[4] The Court notes that Dayton Valley has made no attempt to argue that its untimely disclosures were substantially justified and the Court finds the failure is not substantially justified.

The Court declines to impose a monetary sanction in addition to the exclusion sanction. Each party shall bear their own costs.

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff Dayton Valley Investors Motion to Exclude Evidence of Damages, To Strike Untimely Disclosures of Documents and Witnesses, and For Sanctions (#63) is **GRANTED**. Defendant Union Pacific is precluded from using the information and witness (Robert Gloodt) disclosed in its sixth and seventh supplement. Each party shall bear its own costs as related to this motion.

DATED this 24th day of September, 2010.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge